The Honorable Thomas S. Zilly

1

2

3

4

5

6

7          UNITED STATES DISTRICT COURT
       WESTERN DISTRICT OF WASHINGTON
8                 AT SEATTLE

9   The Human Rights Defense Center and Michelle
    Dillon,
10                                                  No. 2:18-cv-01141 TSZ
11                          Plaintiffs,
                                                    PLAINTIFFS' MOTION FOR
            v.                                      SUMMARY JUDGMENT
12
                                                    NOTE ON MOTION CALENDAR:
13  U.S. Department of Homeland Security, and       March 12, 2021
    United States Immigration and Customs
    Enforcement,                                    ***ORAL ARGUMENT REQUESTED***
14
                            Defendants.
15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
(No. 2:18-cv-01141-TSZ)
4813-5217-9676v.5 0201374-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1

## TABLE OF CONTENTS

2
**Page**

3    I.    INTRODUCTION ....................................................................................1

4    II.   STATEMENT OF FACTS ......................................................................2

5         A.   HRDC Requests Litigation Payment Records From ICE. .......................2

6         B.   ICE Repeatedly Refuses To Disclose Responsive Records....................4

7         C.   After HRDC Filed Suit, ICE Agreed to Produce Records.......................4

8         D.   ICE Continues to Refuses To Disclose Information About a
9              Non-Confidential Settlement Agreement. ...............................................5

10   III.  AUTHORITY AND ARGUMENT..........................................................7

11         A.   Summary Judgment Standard ...................................................................7

12         B.   ICE Improperly Withheld Litigant Names from the Disputed Settlement
13              Agreement. ...............................................................................................8

14              1.   FOIA Exemption 6 Does Not Apply to the Redacted Names. ...................8

15              2.   FOIA Exemption 7(C) Does Not Apply to the Redacted Names. .............11

16              3.   The Privacy Act Does Not Apply Here. .....................................................13

17         C.   ICE's Untimely Response to HRDC's Request Violated the FOIA.....................15

18         D.   HRDC Is Entitled to an Award of Attorneys' Fees And Costs............................17

19   IV.   CONCLUSION.......................................................................................18

20

21

22

23

24

25

26

27

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*100Reporters LLC v. United States Dep't of Justice*,
   248 F. Supp. 3d 115 (D.D.C. 2017) ...............................................................12

*ACLU v. DOJ*,
   655 F.3d 1 (D.C. Cir. 2011) .........................................................................11

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986) ..............................7

*Armstrong v. Exec. Office of the President*,
   97 F.3d 575 (D.C. Cir. 1996) .......................................................................9

*Baker v. Department of the Navy*,
   814 F.2d 1381 (9th Cir. 1987) ....................................................................14

*Citizens for Responsibility & Ethics in Wash. v. FEC*,
   711 F.3d 180 (D.C. Cir. 2013) ...................................................................16

*Coastal States Gas Corp. v. Dep't of Energy*,
   617 F.2d 854 (D.C. Cir. 1980) .....................................................................8

*Courthouse News Serv. v. Planet*,
   947 F.3d 581 (9th Cir. 2020) ......................................................................10

*Ctr. for Nat'l Sec. Studies v. U.S. Dep't of Justice*,
   331 F.3d 918 (D.C. Cir. 2003) ...................................................................12

*Defenders of Wildlife v. U.S. Border Patrol*,
   623 F. Supp. 2d 83 (D.D.C. 2009) ...............................................................7

*Dep't. of Air Force v. Rose*,
   425 U.S. 352, 96 S. Ct. 1592, 48 L. Ed.2d 11 (1976) ..................................9

*Doe v. Pub. Citizen*,
   749 F.3d 246 (4th Cir. 2014) ......................................................................10

*Does I thru XXIII v. Advanced Textile Corp.*,
   214 F.3d 1058 (9th Cir. 2000) ....................................................................10

*Edmonds v. FBI*,
   417 F.3d 1319 (2005) ..................................................................................17

PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
(No. 2:18-cv-01141-TSZ) - ii
4813-5217-9676v.5 0201374-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Electronic Frontier Foundation v. Dep't of Homeland Security*,
2014 WL 6469122 (N.D. Cal. Nov. 18, 2014) ....................................................17

*Gilmore v. U.S. Dep't of Energy*,
33 F. Supp. 2d 1184 (N.D. Cal. 1998) ............................................................15

*Gonzales & Gonzales Bonds & Ins. Agency Inc. v. U.S. Dep't of Homeland Sec.*,
913 F. Supp. 2d 865 (N.D. Cal. 2012) ..........................................................13

*Grove v. CIA*,
752 F. Supp. 28 (D.D.C. 1990) ......................................................................14

*Hooker v. HHS*,
887 F. Supp. 2d 40 (D.D.C. 2012) ...................................................................9

*Info. Network for Responsible Mining v. Bureau of Land Mgmt.*,
611 F. Supp. 2d 1178 (D.C. Col. 2009) ........................................................15

*Jefferson v. U.S. Dep't of Justice, Office of Prof'l Responsibility*,
284 F.3d 172 (D.C. Cir. 2002) .......................................................................12

*Lahr v. NTSB*,
569 F.3d 964 (9th Cir. 2009) ...........................................................................8

*Long v. U.S. Internal Revenue Serv.*,
693 F.2d 907 (9th Cir. 1982) .........................................................................15

*Martin v. DOJ*,
488 F.3d 446 (D.C. Cir. 2007) .......................................................................13

*National Ass'n of Home Builders v. Norton*,
309 F.3d 26 (D.C. Cir. 2002) ...........................................................................9

*News-Press v. United States Dep't of Homeland Sec.*,
489 F.3d 1173 (11th Cir. 2007) .....................................................................14

*Oregon Natural Desert Ass'n v. Gutierrez*,
409 F. Supp. 2d 1237 (D. Or. 2006) ..............................................................15

*Payne Enter., Inc. v. United States*,
837 F.2d 486 (D.C. Cir. 1988) .......................................................................15

*Petroleum Info. Corp. v. United States Dep't of Interior*,
976 F.2d 1429 (9th Cir. 1992) .........................................................................7

*Press-Enterprise Co. v Superior Court*,
464 U.S. 501, 104 S. Ct. 819, 78 L. Ed. 2d 629 (1984) ...............................10

PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
(No. 2:18-cv-01141-TSZ) - iii
4813-5217-9676v.5 0201374-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Prison Legal News v. Lappin*,
  436 F. Supp. 2d 17 (D.D.C. 2006) ............................................................3

*Prison Legal News v. Samuels*,
  787 F.3d 1142 (D.C. Cir. 2015) .........................................................9, 11

*Prison Legal News v. U.S. Dep't of Homeland Sec.*,
  113 F. Supp. 3d 1077 (W.D. Wash. 2015).................................2, 7, 16, 17

*Providence Journal v. Department of Army*,
  981 F.2d 552 (1st Cir. 1992) .................................................................10

*Rosenfeld v. United States Dep't of Justice*,
  57 F.3d 803 (9th Cir. 1995) ....................................................................8

*Summers v. U.S. Dep't of Justice*,
  140 F.3d 1077 (D.C. Cir. 1998) ...............................................................7

*U.S. Dep't of Defense v. Federal Labor Relations Authority*,
  510 U.S. 487, 114 S. Ct. 1006, 127 L. Ed. 2d 325 (1994)..................8, 13

*U.S. Dep't of Justice v. Reporters Committee for Freedom of the Press*,
  489 U.S. 749, 109 S. Ct. 1468, 103 L. Ed. 2d 774 (1989).......7, 8, 11, 13

*Vaughn v. Rosen*,
  484 F.2d 820 (D.C. Cir. 1973) ..........................................................7, 13

*Washington Post Co. v. U.S. Dep't of Health & Human Servs.*,
  690 F.2d 252 (D.C. Cir. 1982) ...............................................................10

*Wishart v. C.I.R.*,
  199 F.3d 1334 (9th Cir. 1999) .................................................................7

*Yagman v. Pompeo*,
  868 F.3d 1075 (9th Cir. 2017) ...............................................................15

**Federal Statutes**

5 U.S.C. § 552..................................................................................*passim*

5 U.S.C. § 552a...........................................................................6, 13, 14

**Rules**

Fed. R. Civ. P. 10(a) .............................................................................10

Fed. R. Civ. P. 56(a) ...............................................................................7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# I.    INTRODUCTION

This litigation concerns a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for records related to payments made by Defendant Immigration and Customs Enforcement ("ICE") to settle litigation against the agency.[1]  The records were sought as part of ongoing news reporting and research into the manner in which government agencies resolve claims.

Despite the manifest public importance of the requested records, ICE initially failed to provide *any* of the requested records, in violation of the FOIA.  Instead, ICE denied the FOIA request of Plaintiffs Michelle Dillon and Human Rights Defense Center (collectively, "HRDC"), requiring HRDC to file this lawsuit before it would acknowledge its statutory obligation to provide responsive records.  ICE finally began providing the records *15 months* after the request had been submitted, and 10 months after HRDC filed this lawsuit.  As a result of this action, ICE has now produced 8,470 pages of responsive records.

Two issues remain for resolution by the Court.  Both are ripe for summary judgment because there are no disputed issues of fact and HRDC is entitled to judgment as a matter of law. First, HRDC challenges ICE's redactions to a single settlement agreement.  The agreement is not confidential, and the parties to it expressly agreed that it may be publicly disclosed in its entirety. Yet ICE has insisted on keeping secret the names of both the claimant and the ICE employees who apparently were named defendants in the publicly filed federal lawsuit that the settlement resolved.  ICE argues that these redactions are required under two FOIA privacy-based exemptions.  But the identity of litigants in publicly filed civil litigation implicates no privacy interest, particularly where, as here, the parties agree their settlement is not confidential. Moreover, the public has a manifest interest in knowing the identity of the claimant who received a payout from ICE, and of the agency employees whose alleged conduct led to the litigation and

---

[1] ICE is a component of the U.S. Department of Homeland Security ("DHS"), which is also a named defendant in this case.  For the purposes of this motion, ICE and DHS are collectively referred to as "ICE."

its settlement.  Neither the cited FOIA exemptions, nor the Privacy Act, justify the redactions. *See* Section III.B, *infra*.

Second, HRDC seeks a declaration that ICE is liable for violating the FOIA by unlawfully failing to respond to the request in a timely manner.  As this Court recognized in prior litigation involving the same parties, it is an "egregious" violation of the FOIA to wait more than a year after a request is submitted – and only after litigation has commenced – to begin providing responsive records.  *Prison Legal News v. U.S. Dep't of Homeland Sec.*, 113 F. Supp. 3d 1077 (W.D. Wash. 2015).  ICE's delay in this case indisputably violated its statutory obligations.  *See* Section III.C, *infra*.

As a result of these FOIA violations, HRDC is the prevailing party entitled to an award of reasonable attorneys' fees and costs incurred in this action, in an amount to be determined later by the Court.  *See* Section III.D, *infra*.

## II.    STATEMENT OF FACTS

### A.    HRDC Requests Litigation Payment Records From ICE.

HRDC (formerly Prisoners' Legal News) is a non-profit organization that advocates on behalf of the human rights of people held in U.S. detention facilities.  *See* concurrently filed Declaration of Paul Wright ("Wright Decl.") ¶¶ 2-3.  Since its founding in 1990, it has continuously published *Prison Legal News*, a monthly periodical that reports prison-related news and litigation nationwide.  *Id.* ¶ 3.  It also publishes *Criminal Legal News*, a monthly publication covering the criminal justice system beyond incarceration, as well as self-help reference books for prisoners.  *Id.*  HRDC also engages in litigation, media campaigns and outreach, public speaking and education, and testimony before legislative and regulatory bodies.  *Id.*

This case concerns a FOIA request that Michelle Dillon, a Seattle-based HRDC employee, submitted to ICE on behalf of HRDC on March 20, 2018.  *Id.* ¶¶ 4-6.  The FOIA request sought records related to settlement agreements entered by ICE, resolving claims against it.  *Id.* ¶ 6.  The request was made as part of an ongoing HRDC research and investigative

PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
(No. 2:18-cv-01141-TSZ) - 2
4813-5217-9676v.5 0201374-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

reporting project. *Id.* ¶ 4. HRDC has made similar FOIA requests for settlement agreements to other federal agencies, including the Drug Enforcement Agency and the Federal Bureau of Prisons, as well as state and local agencies, including to every county prosecutor and sheriff's office in the State of Washington. *Id.* HRDC seeks this information in part because, in its experience, analysis of settlement agreements can disclose mismanagement, abusive personnel, or other chronic problems within an agency. *Id.* ¶ 5.

HRDC's FOIA request sought records regarding claims against ICE and its employees or agents since January 1, 2010 in which the government paid $1,000 or more (or $50,000 or more for traffic-related claims). Specifically, for each such case or claim, HRDC requested the complaint or claim form; any verdict or final judgment; any settlement agreement, consent decree, or other record that resolved the case; and a record showing the amount paid and to whom it was paid. *Id.* ¶ 6 & Ex. A. To assist the agency, HRDC included with the request a spreadsheet of cases and claims, based on publicly available information from the U.S. Treasury Judgment Fund website (though, as HRDC noted in the request, the website did not necessarily include a reference to all responsive records). *Id.*

On April 2, 2018, ICE acknowledged receipt of the request and informed HRDC that its request for a fee waiver had been granted. *Id.* ¶ 7 & Ex. B. Such waivers are permitted for records in which "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); *see Prison Legal News v. Lappin*, 436 F. Supp. 2d 17, 19 (D.D.C. 2006) (finding HRDC's FOIA request for records of sums paid by Bureau of Prison to settle lawsuits against it sought information that would "provide insight to the public about how its federal prisons are [] managed and operated, and how its tax dollars are being expended.").

PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
(No. 2:18-cv-01141-TSZ) - 3
4813-5217-9676v.5 0201374-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**B.    ICE Repeatedly Refuses To Disclose Responsive Records.**

On June 20, 2018, ICE's Office of Information Governance and Privacy denied HRDC's FOIA request.  Wright Decl. ¶ 8 & Ex. C.  The purported basis for the denial was that the "request is too broad in scope, did not specifically identify the records which you are seeking, or only posed questions to the agency."  *Id.* Ex. C.

On June 26, 2018, HRDC appealed the denial to ICE's Office of the Principal Legal Advisor.  Wright Decl. ¶ 9 & Ex. D.  The appeal argued that none of the grounds ICE cited for the denial was valid:  HRDC's request was for specific records, it did not pose a question to the agency, and "there is no enumerated FOIA exception for requests that are 'too broad in scope.'" *Id.* Ex. D, citing *United States DOJ v Julian,* 486 U.S. 1, 108 S. Ct. 1606, 100 L. Ed.2d 1 (1988). The appeal also noted that "the feasibility of the request is found in the multiple analogous requests have been made to and answered by the Federal Bureau of Prisons."  Wright Decl. Ex. D, citing *Prison Legal News v. Samuels,* 787 F.3d 1142 (D.C. Cir. 2015).

On July 6, 2018, ICE acknowledged that it had received the appeal the previous day. Wright Decl. Ex. E.  Accordingly, ICE had 20 working days – until August 2, 2018 – to respond to the appeal.  *See* 5 U.S.C. § 552(a)(6)(A)(ii).  ICE failed to respond by the statutory deadline.

On August 6, 2018, ICE emailed a final denial of the appeal.  The email stated that ICE had decided not to process the request, asserting that the request was "vague, overbroad, and unduly burdensome."  Wright Decl. Ex F.

**C.    After HRDC Filed Suit, ICE Agreed to Produce Records.**

HRDC filed this lawsuit on August 3, 2018.  Dkt. No. 1.  On August 7, after ICE had belatedly responded to and denied HRDC's administrative appeal, HRDC filed its operative First Amended Complaint ("FAC").  Dkt. No. 3.

The FAC asserts a single cause of action, for violation of the FOIA due to ICE's wrongful withholding of responsive records.  *Id.* p. 5.  The FAC seeks a declaration confirming that the requested records were subject to disclosure under FOIA and ordering ICE to produce

PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
(No. 2:18-cv-01141-TSZ) - 4
4813-5217-9676v.5 0201374-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

responsive records, and recovery of HRDC's costs and attorneys' fees as provided by 5 U.S.C. § 552(a)(4)(E). *Id.*

In its Answer to the FAC, ICE denied HRDC was entitled to any relief. *See* Dkt. No. 12 ¶¶ 31-33 & pp. 7, 9.

The parties subsequently conferred, and ICE agreed to provide the requested records. As the parties jointly reported to the Court on March 15, 2019, "Defendants acknowledge that the plaintiffs are entitled to the requested records, subject to exceptions delineated in the Freedom of Information Act." Dkt. No. 17 p. 1. ICE also agreed to begin a rolling production. *Id.* at 1-2.

ICE began producing responsive records (with redactions) in June 2019 – fifteen months after the request had been made, and ten months after the lawsuit began. *See* Dkt. 20 (joint report of parties) ¶ 2; Dkt. No. 1; Wright Decl. ¶ 12. ICE ultimately produced 8,470 pages of records on an approximately monthly basis, purporting to complete its production on September 22, 2020. *Id.* ¶ 12 & Ex. G.

## D. ICE Continues to Refuses To Disclose Information About a Non-Confidential Settlement Agreement.

Most of the settlement agreements produced by ICE contain redactions, including of party names, addresses, and medical, financial account, and other personal information. Wright Decl. ¶ 13. Although HRDC does not concede that all of these redactions are lawful, it does not contest them here. *Id.*

There is one exception. One of the settlement agreements that ICE produced contains redactions of litigant names that, HDRC contends cannot be justified, because the settlement agreement is explicitly *not* confidential. Wright Decl. ¶ 14 & Ex. H ("Settlement"). The Settlement resolves claims by an individual, whose name is redacted, arising from the "CLAIMANT's detention by [ICE] at or near Philadelphia, PA, on or about June 30, 2010, which is the subject of the Federal Tort Claim filed by or on behalf of CLAIMANT." *Id.* Ex. H ¶ 2. The Settlement discloses the cause number of the referenced claim, No. 12-cv-3599, filed in the Eastern District of Pennsylvania. *Id.* Yet ICE appears to have redacted the *case caption* (*i.e.*,

the name of the parties to the case), *id.*, as well as the names of the claimant and of the individual ICE employees (presumably defendants in the case) against whom claims are being released. *Id.* ¶¶ 2, 3. ICE redacted this information notwithstanding that the parties to the Settlement disclaimed any secrecy: the Settlement expressly states, "The parties agree that this Stipulation for Compromise Settlement and Release, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, *may be made public in their entirety*, and the plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b)." *Id.* ¶ 11 (emphasis added).

ICE asserts that the redactions are justified by two privacy-based FOIA exemptions, 5 U.S.C. § 552(b)(6) and (b)(7)(C). *See* Wright Decl. Ex. H. But the names of the litigants in the underlying lawsuit are not "private." Indeed, the docket in the underlying lawsuit is public, and discloses the party names. *See* Wright Decl. Ex. *I*. After it realized this fact, on January 12, 2021, ICE "supplemented" its production of the Settlement by providing a version of the record that redacted the cause number of the underlying lawsuit, along with a cover letter asserting that the earlier disclosure had been "inadvertent." *See* Declaration of Eric M. Stahl ("Stahl Decl.") ¶¶ 3-5 & Exs. K-M. Although the parties' names may be publicly available elsewhere, HRDC is challenging ICE's redactions here because it believes they are unlawful and emblematic of unwarranted agency secrecy. Wright Decl. ¶ 15. It believes judicial intervention is appropriate to promote transparency and assure agency compliance with the FOIA here and in future cases. *Id.*

HRDC conferred with ICE in an attempt to resolve this limited dispute without involving the Court. *See* Stahl Decl. ¶¶ 2-3 & Exs. J. The parties were unable to reach an agreement. *Id.* Instead, ICE declined to release the records, insisting the litigant and releasee names redacted from the settlement were exempt under the FOIA, as well as under the Privacy Act, 5 U.S.C. § 552a. Stahl Decl. Ex. J.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## III.    AUTHORITY AND ARGUMENT

### A.    Summary Judgment Standard

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009). Courts shall grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

In a FOIA case, the agency bears the burden to justify nondisclosure.  5 U.S.C. § 552(a)(4)(B).  *See, e.g.*, *U.S. Dep't of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 755, 109 S. Ct. 1468, 103 L. Ed. 2d 774 (1989); *Wishart v. C.I.R.*, 199 F.3d 1334 (9th Cir. 1999).  "[I]n order to prevail on summary judgment, the agency must prove "it has fully discharged [these burdens] under FOIA, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester.""  *Prison Legal News v. U.S. Dep't of Homeland Sec.*, 113 F. Supp. 3d 1077, 1081 (W.D. Wash. 2015), quoting *Miller v. U.S. Dep't of State,* 779 F.2d 1378, 1382 (8th Cir.1985).  The agency must sustain its burden by submitting detailed affidavits or declarations that identify the records at issue and show why they fall under the claimed exemptions.  *See Summers v. U.S. Dep't of Justice*, 140 F.3d 1077, 1080 (D.C. Cir. 1998); *Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973).  "When an agency seeks to protect material which, even on the agency's version of the facts, falls outside the proffered exemption, summary judgment in favor of the FOIA plaintiff is appropriate." *Petroleum Info. Corp. v. United States Dep't of Interior*, 976 F.2d 1429, 1433 (9th Cir. 1992).

Courts review agency FOIA decisions *de novo*, and may examine the contents of disputed records in camera to determine whether the agencies should disclose them.  5 U.S.C. § 552(a)(4)(B).

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1

**B.    ICE Improperly Withheld Litigant Names from the Disputed Settlement
Agreement.**

2

The Freedom of Information Act arose from concerns over the "mushrooming growth of

3  Government secrecy."  H.R. Rep. No. 89-1497, at 2 (1966).  The Supreme Court has recognized

4  that FOIA represents the general philosophy of full agency disclosure unless the information is

5  exempt under clearly delineated statutory language.  *See U.S. Dep't of Defense v. Federal Labor

6  Relations Authority*, 510 U.S. 487, 494, 114 S. Ct. 1006, 127 L. Ed. 2d 325 (1994) ("*FLRA*")

7  ("[D]isclosure, not secrecy, is the dominant objective of [FOIA].") quoting *Dep't. of Air Force

8  v. Rose*, 425 U.S. 352, 361 (1976)).  The statute serves as a means for citizens to know "what

9  their [G]overnment is up to."  *Reporters Committee*, 489 U.S. at 773 (citations omitted).

10

The government "always bears the burden to show that a given document is covered by

11  an exemption and should be withheld."  *Rosenfeld v. United States Dep't of Justice*, 57 F.3d 803,

12  807 (9th Cir. 1995).  This burden must be construed in light of the Act's command that its

13  exemptions "be interpreted narrowly."  *Lahr v. NTSB*, 569 F.3d 964, 973 (9th Cir. 2009).  Even

14  where agencies may withhold records, the law favors transparency: "Congress has encouraged

15  the agencies to disclose" even "exempt material for which there is no compelling reason for

16  withholding."  *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 861 (D.C. Cir. 1980).

17

Here, ICE improperly relies on FOIA Exemptions 6 and 7(C) (5 U.S.C. § 552(b)(6) and

18  (7)(C)) to redact litigant names from the disputed Settlement record.  Both exemptions apply

19  only where disclosure would constitute an "invasion of personal privacy."  ICE cannot establish

20  that either exemption applies here because (among other things) the parties to the Settlement

21  acknowledged the record could be disclosed publicly, and because being identified as a litigant

22  in a publicly filed federal tort lawsuit implicates no privacy interest.

23

**1.    FOIA Exemption 6 Does Not Apply to the Redacted Names.**

24

Exemption 6 permits withholding of "personnel and medical files and similar files the

25  disclosure of which would constitute a *clearly unwarranted invasion of personal privacy*."

26  5 U.S.C. § 552(b)(6) (emphasis added).  The primary purpose of this exemption is "to protect

27

PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
(No. 2:18-cv-01141-TSZ) - 8
4813-5217-9676v.5 0201374-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information." *Samuels*, 787 F.3d at 1147 (rejecting claim that settlement agreements are categorically exempt under Exemption 6), quoting *Judicial Watch, Inc. v. U.S. Dep't of Justice,* 365 F.3d 1108, 1124 (D.C. Cir. 2004). Exemption 6 "does not categorically exempt individuals' identities." *Samuels*, 787 F.3d at 1147 (citation omitted). Rather, "[t]he scope of a privacy interest under Exemption 6 will always be dependent on the context in which it has been asserted." *Armstrong v. Exec. Office of the President,* 97 F.3d 575, 581 (D.C. Cir. 1996).

To decide what constitutes a "clearly unwarranted privacy invasion," the Court must "balance the individual's right of privacy against the basic policy of opening agency action to the light of public scrutiny." *National Ass'n of Home Builders v. Norton*, 309 F.3d 26, 32 (D.C. Cir. 2002) (internal quotation omitted). The burden remains on the government to justify any withholdings. *Id.* Here, both sides of the balance favor disclosure.

ICE fails to identify any protectable "right of privacy" that would be violated by disclosing the names of the individuals identified in the lawsuit resolved by the Settlement. Exemption 6 protects only *substantial* privacy interests, which arise only when information divulges something revealing or likely to lead to "embarrassment," "disgrace" or "practical disabilities such as loss of employment or friends." *Rose*, 425 U.S. at 377; *see Hooker v. HHS*, 887 F. Supp. 2d 40, 60-61 (D.D.C. 2012) ("merely asserting in conclusory terms that disclosure of [] information would constitute an invasion of privacy … failed to articulate a substantial privacy interest"). ICE can show no such interest here.

<u>First</u>, both the claimant and ICE expressly agreed that the Settlement, "including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, *may be made public in their entirety*[.]" Wright Decl. Ex. H ¶ 11 (emphasis added). The claimant also expressly recognized release of the Settlement would not implicate the Privacy Act. *Id.*

PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
(No. 2:18-cv-01141-TSZ) - 9
4813-5217-9676v.5 0201374-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Second, no privacy intrusion can arise from disclosing the fact that one has been named in a civil lawsuit, because the information is in no sense private. *See* Fed. R. Civ. P. 10(a) (complaint must name all parties to the proceeding). Federal civil dockets are presumptively matters of public record, reflecting a First Amendment right of access that "flows from an 'unbroken, uncontradicted history' rooted in the common law notion that 'justice must satisfy the appearance of justice'" and that ensures "both the basic fairness of the [proceeding] and the appearance of fairness so essential to public confidence in the system." *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020), *quoting Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 573-74, 100 S. Ct. 2814, 65 L. Ed. 2d 973 (1980) (plurality opinion) and *Press-Enterprise Co. v Superior Court*, 464 U.S. 501, 508, 104 S. Ct. 819, 78 L. Ed. 2d 629 (1984). This right "protects the public's ability to oversee and monitor the workings of the Judicial Branch." *Doe v. Pub. Citizen*, 749 F.3d 246, 263 (4th Cir. 2014).

Litigants may proceed anonymously, but only "in special circumstances" and only if they establish an objectively reasonable threat of severe harm from being identified by name in the action. *Does I thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068 (9th Cir. 2000). No such claim was made in connection with the lawsuit at issue in the Settlement. The docket remains publicly accessible, Wright Ex. *I*, and the parties *expressly* agreed to public disclosure of the Settlement.

Finally, ICE's attempt to withhold the identity of its personnel who were accused of wrongdoing – which resulted in a payout from public funds – is contrary to the very purpose of FOIA. The statute exits "to permit the public to decide for itself whether government action is proper." *Washington Post Co. v. U.S. Dep't of Health & Human Servs.,* 690 F.2d 252, 264 (D.C. Cir. 1982). It follows that alleged governmental bad actors cannot claim a sufficiently significant privacy interests in their identity as a matter of course, as ICE appears to assert here. Federal government employees' privacy interests are diminished where they have been investigated for misfeasance relating to the performance of their official duties. *Providence*

1   *Journal v. Department of Army*, 981 F.2d 552, 568 (1st Cir. 1992); *cf. ACLU v. DOJ*, 655 F.3d 1,

2   7 (D.C. Cir. 2011) ("disclosure of … public pleas is at the lower end of the privacy spectrum.").

3          On the other side of the privacy scale, the public interest clearly favors disclosure of the

4   individuals named in the non-confidential Settlement.  Identifying information facilitates

5   investigations and research that enables HRDC and the public to understand "what their

6   government is up to."  *Reporters Comm.*, 489 U.S. at 773.  Here, the public has a strong interest

7   in knowing exactly which officials were involved in an allegedly wrongful act of detention, as

8   alleged in the lawsuit that led to payment of public funds disclosed in the Settlement.  As the

9   Court of Appeals for the D.C. Circuit held, in an earlier FOIA case in which HRDC sought

10  settlement agreements from the Bureau of Prisons:

11             Identifying employees who repeatedly engage in tortious or discriminatory
              conduct will "shed[ ] light on an agency's performance of its statutory
12            duties."  *Consumers' Checkbook Ctr. for the Study of Servs.* [*v. United
              States HHS*, 554 F.3d 1046, 1051 (D.C. Cir. 2009)] (alteration in original)
13            (quoting [*Reporters Comm*, 489 U.S. at 773]).  This, in turn, will further the
              public interest in ensuring that "disciplinary measures imposed are
14            adequate, and that those who are accountable are dealt with in an
              appropriate manner."  *Stern v. FBI*, [737 F.2d 84, 92 (D.C. Cir. 1984)].  It
15            may also help root out the misuse of public funds, an interest typically
              favoring disclosure.  *See, e.g., Multi Ag Media LLC v. Dep't of Agric.*, 515
16            F.3d 1224, 1232-33 (D.C. Cir. 2008); *Dobronski v. FCC*, 17 F.3d 275, 278-
              80 (9th Cir.1994).

17

18  *Samuels*, 787 F.3d at 1151.  Access to the identity of individuals named in the Settlement is

19  needed to know whether the officials who have been accused are multiple offenders, how much

20  taxpayer money has been used to resolve claims against those individuals, and whether they

21  continue to be employed by ICE.

22         In sum, ICE cannot justify withholding the parties to the Settlement because disclosure

23  implicates no substantial privacy interest, and because disclosure serves the public interest.

24         **2.     FOIA Exemption 7(C) Does Not Apply to the Redacted Names.**

25         ICE also cites FOIA Exemption 7(C).  As with Exemption 6, Exemption 7(C) allows ICE

26  to withhold information from records only if disclosure could reasonably be expected to

27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

constitute an "unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).  But Exemption 7(C) has an additional requirement:  it applies only to "records or information compiled for law enforcement purposes[.]"  *Id.*

This exemption does not apply to the Settlement, because the record was not compiled for any law enforcement purpose.  "[N]ot every document compiled by a law enforcement agency is compiled for a law enforcement purpose."  *100Reporters LLC v. United States Dep't of Justice*, 248 F. Supp. 3d 115, 159-60 (D.D.C. 2017).  In assessing whether records are compiled for law enforcement purposes, courts focus "on how and under what circumstances the requested files were compiled, and whether the files sought relate to anything that can fairly be characterized as an enforcement proceeding."  *Jefferson v. U.S. Dep't of Justice, Office of Prof'l Responsibility*, 284 F.3d 172, 176-77 (D.C. Cir. 2002) (citation omitted).  The agency's burden is to establish "(1) a rational nexus between the investigation and one of the agency's law enforcement duties; and (2) a connection between an individual or incident and a possible security risk or violation of federal law."  *Ctr. for Nat'l Sec. Studies v. U.S. Dep't of Justice*, 331 F.3d 918, 926 (D.C. Cir. 2003).

Here, the names contained in the Settlement record were not compiled in the scope of any investigative or law enforcement duty.  The information was generated by counsel for the claimant and/or the agency in the course of resolving claims in a judicial proceeding.  The Settlement's purpose was to resolve civil litigation, not to perform any law enforcement function of ICE.  Exception 7(C) thus does not apply.

Even if the Settlement had been "compiled for law enforcement purposes," the names still would not be exempt unless disclosure would "constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).  This requires essentially the same analysis discussed above with respect to Exemption 6, balancing the individual's privacy interests and the public interest in disclosure; and ICE's argument would fail for all the reasons discussed above.  Even insofar as the Supreme Court has concluded that "Exemption 7(C) is more protective of

PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
(No. 2:18-cv-01141-TSZ) - 12
4813-5217-9676v.5 0201374-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

privacy than Exemption 6," and thus establishes a lower bar for withholding material, *FLRA*, 510 U.S. at 496 n.6, ICE cannot reach even that threshold in this case.  Courts find a cognizable privacy interest under Exemption 7(C) to protect private information of investigators, witnesses, informants, and suspects in criminal matters.  *E.g.*, *Martin v. DOJ*, 488 F.3d 446, 457 (D.C. Cir. 2007).  No such privacy interest is at stake in this case, however:  HRDC seeks disclosure of the names of civil litigants – not confidential information being used for law enforcement purposes. As discussed above, there is no privacy interest in the fact that one has been named as a party in civil litigation – particularly where, as here, the parties to the litigation acknowledged that their settlement was not confidential and could be disclosed publicly.

Disclosure also is required here given the strength of the public interest in that disclosure will advance "the basic purpose of [FOIA] to open agency action to the light of public scrutiny." *Reporters Comm.*, 489 U.S. at 772.  As explained above with respect to Exemption 6, the public has a well-founded interest in knowing who received public funds to settle claims against ICE, and in the identity of the ICE employees accused of wrongdoing.  Redacting identifying information of alleged tortfeasors and claimants circumvents FOIA's essential purpose and amounts to an attempt by the agency to evade public scrutiny.

### 3.    The Privacy Act Does Not Apply Here.

In recent correspondence, ICE's counsel has suggested that disclosure of the redacted names in the Settlement somehow implicates the Privacy Act, 5 U.S.C. § 552a(b).  *See* Stahl Decl. Ex. J.  ICE did not claim the Privacy Act as a basis for denying HRDC's request and did not cite it in any production letter, *Vaughn* index, or in the record itself.  *See, e.g.*, Exs. H, L, M.

Any reliance on the Privacy Act as a ground for redacting litigant names in the Settlement is untenable.  Settled case law establishes that ICE cannot use the Privacy Act to circumscribe its FOIA obligations:  "FOIA and the Privacy Act are distinct mechanisms for obtaining government information, and it is legal error to conflate them."  *Gonzales & Gonzales Bonds & Ins. Agency Inc. v. U.S. Dep't of Homeland Sec.*, 913 F. Supp. 2d 865, 868 n.3 (N.D.

Cal. 2012), citing *FLRA*, 510 U.S. at 494; *see also News-Press v. United States Dep't of Homeland Sec.*, 489 F.3d 1173, 1189 (11th Cir. 2007) ("where FOIA requires disclosure, the Privacy Act will not stand in its way"); *Grove v. CIA*, 752 F. Supp. 28, 30 (D.D.C. 1990) ("the Privacy Act is not to be used 'as a barrier to FOIA access.'") (citations omitted).

As the Settlement states explicitly, the claimant expressly agreed that the entire agreement could be released under the Privacy Act.  Wright Decl. Ex. H ¶ 11.

Even without that express consent, however, the Privacy Act does not apply to settlement agreements.  The statute only limits disclosure by agencies of information contained in a "system of records," which is defined as "a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual."  5 U.S.C. § 552a(a)(5), (b) (emphasis added).  Stated otherwise, whether a record is subject to the statute depends on "the method of retrieval of a record rather than its substantive content."  *Baker v. Department of the Navy,* 814 F.2d 1381, 1384 (9th Cir. 1987).

HRDC did not seek information retrievable by individual identifiers; it sought records based on settlement amounts.  ICE has presented no evidence to suggest it retrieved the Settlement from a "system of records."  And even if the Settlement were subject to the Privacy Act, that would not preclude its disclosure under the FOIA, or circumscribe ICE's obligation to provide the information to HRDC.

*** 

For all of the above reasons, ICE's refusal to disclose the names of the individuals identified in the Settlement is a violation of the FOIA.  HRDC respectfully asks the Court to declare that ICE's actions violate the statute, and to order the agency to disclose the requested information.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

### C. ICE's Untimely Response to HRDC's Request Violated the FOIA.

HRDC also seeks summary judgment granting a declaration that ICE violated the FOIA failing to produce *any* responsive records in a timely manner. *See* FAC p. 5.

The Ninth Circuit recognizes that federal agencies have a duty to interpret FOIA requests liberally in favor of disclosure. *See, e.g.*, *Yagman v. Pompeo*, 868 F.3d 1075, 1080 (9th Cir. 2017) ("[W]e are persuaded that a duty of liberal construction accords with the basic purpose of FOIA to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed.") (quotation omitted). Under FOIA, federal agencies are required to make their records available to "any person" upon request. 5 U.S.C. § 552(a)(3)(A). So long as the request reasonably describes the records sought, the agency is *required* to respond, and may withhold information from the request *only* if the disclosure of the information is prohibited by law, or the agency "reasonably foresees that disclosure would harm the public interest protected by" one of the nine exemptions listed in the statute. 5 U.S.C. § 552(a)(8)(A)(i)(I).

Failure to provide a timely response to a record request constitutes a violation of the FOIA. *Long v. U.S. Internal Revenue Serv.,* 693 F.2d 907, 910 (9th Cir. 1982) (agency's "unreasonable delays in disclosing non-exempt documents violate the intent and purpose of the FOIA, and the courts have a duty to prevent these abuses"); *Info. Network for Responsible Mining v. Bureau of Land Mgmt.,* 611 F. Supp. 2d 1178, 1183 (D.C. Col. 2009) (agency violated the FOIA by failing to comply with its statutory deadline). Moreover, an agency's belated response violates the FOIA regardless of the outcome of the record request. *Oregon Natural Desert Ass'n v. Gutierrez,* 409 F. Supp. 2d 1237, 1248 (D. Or. 2006). *See also Gilmore v. U.S. Dep't of Energy,* 33 F. Supp. 2d 1184, 1188 (N.D. Cal. 1998) (even though records were not subject to disclosure, agency's "failure to make a timely determination as to whether [the] ... documents should be disclosed constituted an improper withholding . . . in violation of the FOIA"); *Payne Enter., Inc. v. United States,* 837 F.2d 486, 491 (D.C. Cir. 1988).

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    The FOIA requires an agency, within twenty business days of receiving a records request,

2    to: (1) determine whether it will comply with the request; and (2) notify the requester of its

3    determination, its reasoning and of the requester's right to appeal denials.  5 U.S.C.

4    § 552(a)(6)(A)(i).  Agencies do not necessarily need to provide the records within twenty days,

5    but satisfy the requirement if they simply indicate to the requester within twenty days which

6    records it plans to produce and which it plans withhold or redact.  *Citizens for Responsibility &*

7    *Ethics in Wash. v. FEC*, 711 F.3d 180, 182–83 (D.C. Cir. 2013).

8    Here, ICE failed to follow its statutory obligations, requiring HRDC to file this lawsuit

9    before it would comply.  In response to the FOIA request, ICE waited three months before

10   providing a substantive response; it then denied the request and a subsequent appeal – both times

11   on specious grounds that it has not even attempted to assert before this Court.  *See* Wright Decl.

12   ¶¶ 8, 11 & Exs. C, F.  Its initial response to this lawsuit was to deny that HRDC had any right of

13   access to the records.  *See* Dkt. No. 12 (Answer).  Then, months after this lawsuit was filed, ICE

14   finally acknowledged that HRDC was "entitled to the requested records," though it still took

15   three more months before the first records were produced.  *See* Dkt. Nos. 17, 20.  Production did

16   not begin until June 2019 – 15 months after HRDC first requested the records, and 10 months

17   after the lawsuit began.  *Id.*; Dkt. No. 1 (Complaint); Wright Ex. A.

18   In a prior FOIA case involving the same parties, this Court found that ICE had engaged

19   in an "egregious" delay where "Plaintiff did not receive ICE's first production of documents (or

20   any other determination) until 361 days after mailing its first FOIA request letter, seven months

21   after mailing its second request letter, and almost four months after filing this lawsuit."  *Prison*

22   *Legal News.*, 113 F. Supp. 3d at 1084.  In that case, Judge Pechman found that "[r]esponse times

23   of this sort clearly exceed the unambiguous time allowance contemplated by Congress."  *Id.* at

24   1085, citing 5 U.S.C. § 552(a)(6)(A)(i).  The Court thus "declare[d] that, independent of the

25   exemption issues, Defendants violated FOIA by failing to make a timely determination on

26   Plaintiff's requests."  113 F. Supp. 3d at 1085.

27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Here, ICE delayed producing records for longer than it did in the prior *Prison Legal News* case. The Court should again declare that the agency's dilatory response is an egregious violation of the FOIA. This violation is separate from, and in addition to, ICE's violation of the FOIA for wrongfully withholding litigant names from the non-confidential Settlement.

**D.    HRDC Is Entitled to an Award of Attorneys' Fees And Costs.**

A court may order an agency to reimburse a record requester the reasonable attorney fees and other litigation costs it incurs if the requester "substantially prevailed." 5 U.S.C. § 552(a)(4)(E). A FOIA complainant substantially prevails where he or she "obtains relief through either-- (I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." *Id.*

In other words, when a party obtains the records it seeks because of its FOIA litigation, that party substantially prevails. As the D.C. Circuit explained, "plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Edmonds v. FBI*, 417 F.3d 1319, 1326 (2005), quoting *Farrar v. Hobby*, 506 U.S. 103, 109 (1992). As this Court has previously found, a requester prevails when the agency refuses to produce records responsive to a FOIA request prior to litigation, and then opens up its files only after a lawsuit is filed. *Prison Legal News*, 113 F. Supp. 3d at 1085.

The Ninth Circuit applies two factors in assessing whether a FOIA plaintiff "substantially prevailed." The court should determine (1) whether plaintiff's suit was reasonably necessary to obtain the information, and (2) whether the suit had a substantial causative effect on the release of the records in question. *Electronic Frontier Foundation v. Dep't of Homeland Security*, 2014 WL 6469122, at *3 (N.D. Cal. Nov. 18, 2014).

Here, ICE flatly refused to provide a single record, and twice rejected HRDC's request, before HRDC filed this lawsuit. Since filing the suit, ICE has provided HRDC with thousands of

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

pages of responsive records.  On that basis alone, HRDC has substantially prevailed (regardless of the outcome of its challenges to ICE's redaction of the Settlement) and is eligible for an award of attorneys' fees and costs.  HRDC asks the Court to determine now that it is entitled to an award of fees and costs based on ICE's violations of FOIA, in an amount to be determined based on a subsequent motion, with supporting affidavits.

## IV.    CONCLUSION

For the reasons set forth above, HRDC respectfully requests that the Court grant this motion and enter summary judgment that (1) ICE's redaction of the names contained in the Settlement violates the FOIA; (2) ICE must disclose this information; (3) ICE violated the FOIA by failing to disclose responsive records to HRDC in a timely manner; and (4) HRDC is the prevailing party and is entitled to an award of its fees and costs in litigating this matter, in an amount to be determined on a subsequent motion.

DATED this 18th day of February, 2021.

Davis Wright Tremaine LLP
Attorneys for Plaintiffs


By /s/Eric M. Stahl
    Eric M. Stahl
    WSBA #27619
    920 Fifth Avenue, Suite 3300
    Seattle, WA  98104-1610
    Telephone: 206-757-8148
    Fax: 206-757-7148
    E-mail: ericstahl@dwt.com

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax